**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN D. HARLOW,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. 1:13-cv-01881-BAM<br><br>ORDER AFFIRMING AGENCY'S DENIAL OF BENEFITS AND ORDERING JUDGMENT FOR COMMISSIONER |

**<u>INTRODUCTION</u>**

Plaintiff Karen Harlow ("Plaintiff") seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her applications for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act. The matter is before the Court on the parties' briefs, which were submitted without oral argument to Magistrate Judge Barbara A. McAuliffe. The parties consented to the jurisdiction of the Magistrate Judge.

///

///

///

1

**FACTS AND PRIOR PROCEEDINGS**

On August 23, 2011, Plaintiff filed her applications beginning on August 19, 2011. AR 141-155.[1] Plaintiff's applications were denied initially and on reconsideration. AR 62, 80. Subsequently, Plaintiff requested a hearing before an ALJ. AR 93-94. ALJ G. Ross Wheatley held a hearing on April 12, 2013, and issued an order denying benefits on May 9, 2013. AR 11-18. The ALJ's decision became the final decision of the Commissioner of Social Security when the Appeals Council denied Plaintiff's request for review on June 2, 2013. AR 1-6. This appeal followed.

**Plaintiff's Testimony**

The ALJ held a hearing on April 12, 2013, in Stockton, California. AR 11. Plaintiff appeared and testified. AR 23-56. She was represented by attorney Thomas C. Newlin however, attorney David Haynes appeared at the hearing on Plaintiff's behalf. AR 11.

Plaintiff was born on October 21, 1961 and was 51 years old at the time of the hearing. AR 31. She was born with her hips out of socket and wore braces for two years. AR 34. Around age 11, she was diagnosed with scoliosis. AR 34. Plaintiff contends that she has been in pain since a very young age.[2] AR 28, 35. Her main complaint is severe back pain. AR 36. She has not worked since she was 18 years old except that for a few months in 2003 or 2004, Plaintiff assisted a friend's sister, who was blind. AR 32.

As a result of her chronic back pain, Plaintiff sees her physician on a monthly basis for pain management. AR 36. She has a Duragesic pain patch that gets changed every 72 hours and she takes Oxycodon for breakthrough pain. AR 37-38. She stated that sitting and standing for long periods of time exacerbate her pain. AR 38. At the time of the hearing, she was also seeing a physical therapist. AR 38. She admitted that the therapy made her pain worse, but that she would continue to go if it

---

[1] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

[2] Plaintiff initially alleged her onset date was the day she was born, however, at the hearing she, along with her attorney, agreed to amend the onset date to August 2011 pursuant to filing regulations.

would help her get better. AR 39. Plaintiff also has had issues with high blood pressure and depression but they were not severe. AR 33-34. In 2003, she had gastric bypass surgery. She has since lost over 150 pounds. AR 47-49. As a result of the surgery, she claims that she gets low blood sugar spells and is constantly cold. AR 48.

Plaintiff lives with her husband and her 20 year old son. AR 41. When asked about her daily activities, Plaintiff admitted she gets herself ready in the mornings, although it takes additional time. AR 41. She sometimes walks her dog to the end of the block. AR 42. She estimated that she could sit comfortably for 20 minutes and stand for about 15 to 20 minutes. AR 42. Plaintiff drives, cooks for her family, grocery shops, and once in a while does laundry. AR 43-47. She stated that she does not have any family but that she keeps in touch with friends over the phone. AR 45-46.

**Medical Record**

The entire medical record was reviewed by the Court. AR 223-450. The medical evidence will be referenced below as necessary to this Court's decision.

**The ALJ's Decision**

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff did not meet the disability standard. AR 11-18. More particularly, the ALJ found that Plaintiff had not engaged in any substantial gainful activity since August 19, 2011. AR 13. Further, the ALJ identified scoliosis as a severe impairment. AR 13. Nonetheless, the ALJ determined that the severity of the Plaintiff's impairments did not meet or exceed any of the listed impairments. AR 13.

Based on his review of the entire record, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work. Specifically, the ALJ found that Plaintiff can lift or carry 20 pounds occasionally and 10 pounds frequently, she can sit, stand, and walk six hours in an eight-hour work day. She also requires a sit/stand option allowing her to sit or stand

alternatively at will as long as she is not off task more than 10% of the work period. She can climb ramps or stairs, balance, stoop, kneel, crouch, and crawl occasionally, but she can never climb ladders, ropes or scaffolds. AR 14. The ALJ also determined that Plaintiff could perform a significant number of jobs that exist in the national economy. AR 17. As a result, Plaintiff was not disabled under the Social Security Act. AR 17.

## SCOPE OF REVIEW

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405 (g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commission's conclusion. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). In weighing the evidence and making findings, the Commission must apply the proper legal standards. *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the Commissioner's determination that the claimant is not disabled if the Secretary applied the proper legal standards, and if the Commission's findings are supported by substantial evidence. *Sanchez v. Sec'y of Health and Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987); *see also Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 2002).

## REVIEW

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has

4

lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c (a)(3)(A). A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990). Here, Plaintiff argues that the ALJ's credibility determination is improper.

## DISCUSSION

**1. The ALJ Properly Discredited Plaintiff's Subjective Complaints.**

Plaintiff argues that the ALJ failed to provide clear and convincing evidence for finding her subjective symptom testimony not credible. (Doc. 12 at 4-15). In reply, the Commissioner asserts that the ALJ adequately articulated reasons for discrediting Plaintiff. (Doc. 16 at 12-20). A review of the record reveals the ALJ properly assessed Plaintiff's credibility.

A two-step analysis applies at the administrative level when considering a claimant's credibility. *Treichler v. Comm. of Soc. Sec.*, --- F. 3d --- 2014 WL 7332774 *9 (9th Cir. Dec. 24, 2014). First, the claimant must produce objective medical evidence of his impairment that could reasonably be expected to produce some degree of the symptom or pain alleged. *Id.* If the claimant satisfies the first step and there is no evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of his symptoms only if he makes specific findings and provides clear and convincing reasons for doing so. *Id.* The ALJ must "state which testimony is not credible and what evidence suggests the complaints are not credible." *Mersman v. Halter*, 161 F.Supp.2d 1078, 1086 (N.D. Cal. 2001) ("The lack of specific, clear, and convincing reasons why Plaintiff's testimony is not credible renders it impossible for [the] Court to determine whether the ALJ's conclusion is supported by substantial evidence."); SSR 96-7p (ALJ's decision "must be sufficiently

specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and reasons for that weight."). Other factors an ALJ may consider include: (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent testimony; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the applicant's daily activities. *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996). Work records, physician and third party testimony about nature, severity, and effect of symptoms, and inconsistencies between testimony and conduct also may be relevant. *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997). The ALJ may rely, in part, on his or her own observations which cannot substitute for medical diagnosis. *Marcia v. Sullivan*, 900 F.2d 172, 177 n.6 (9th Cir. 1990).

Here, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," but that Plaintiff's statements concerning "the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." AR 14. This finding satisfied step one of the credibility analysis. *Smolen*, 80 F.3d at 1281-82.

Because the ALJ did not find that Plaintiff was malingering, he was required to provide clear and convincing reasons for rejecting Plaintiff's testimony. *Smolen*, 80 F.3d at 1283-84; *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) (as amended). When there is evidence of an underlying medical impairment, the ALJ may not discredit the claimant's testimony regarding the severity of his symptoms solely because they are unsupported by medical evidence. *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991); SSR 96-7. Moreover, it is not sufficient for the ALJ to make general findings; he must state which testimony is not credible and what evidence in the record leads to that conclusion. *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993); *Bunnell*, 947 F.2d at 345-46.

The ALJ provided several reasons for rejecting Plaintiff's testimony including: 1) inconsistencies between the Plaintiff's reported symptoms and the medical record; 2) Plaintiff's effective treatment; 3) inconsistencies in Plaintiff's testimony regarding her activities of daily living; and 4) her demeanor at the hearing.  These findings are all supported by the record.

At the outset, the medical opinion evidence supports the ALJ's conclusion that Plaintiff's subjective symptom complaints were not entirely credible.  For example, the ALJ properly relied upon the findings of state agency medical examiner, Fariba Vesali, M.D., who conducted an orthopedic evaluation of Plaintiff on October 20, 2011.  AR 15, 315-318.  Dr. Vesali noted that Plaintiff was alert and in no acute distress. AR 316.  She did not have any difficulty getting on and off the exam table, she walked with normal gait, and she did not need an assistive device for ambulation.  AR 316. Plaintiff's straight leg raises were negative (normal). AR 317.  The Spurling's, Speed's, Phalen's, Romberg, and Patrick tests were all negative.  The axial compression test was also negative. AR 317. While Dr. Vesali noted tenderness on Plaintiff's bilateral upper and lower extremities and on her lower, mid, and upper back, she ultimately found that Plaintiff could walk, sit, and stand six hours in an eight hour work day with normal breaks.  She also opined Plaintiff could lift or carry 50 pounds occasionally and 25 pounds frequently, and does not need an assistive device.[3] AR 317-318.

Although Plaintiff has argued that the ALJ improperly relied on the medical evidence, she has not developed this argument with specificity, nor has she cited other medical evidence that contradicts the ALJ's reasoning.  Here, the ALJ properly found Plaintiff's allegations of total disability not credible given Dr. Vesali's opinon. AR 15. *Rollins v. Massanari*, 261 F.3d 853, 857

---

[3] The ALJ gave this opinion some weight, but also gave Plaintiff the benefit of the doubt and devised an RFC that included more restrictions than the limitations outlined in Dr. Vesali opinion. AR 14. The ALJ also discussed the findings of Dr. A. Nasrabadi, M.D., and Dr. E. Wong M.D., two state agency non-examining doctors. Both of these physicians found the same limitations as Dr. Vesali, however, the Court was unable to find these opinions in the medical record and has not relied on them in this analysis.

(9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects"); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis"). *Tidwell v. Apfel*, 161 F.3d 599, 601-602 (9th Cir. 1998) (finding a mild or minor medical condition with all other tests reporting normal provides a basis for rejecting claimant's testimony of severity of symptoms); *See also Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995) (inconsistencies between the record and medical evidence supports a rejection of a claimant's credibility).

Second, although Plaintiff has been seen regularly for pain management at Golden Valley Health Center, she has responded to treatment. AR 15. For example, Plaintiff has been on the same pain management plan, without any increase in dosage, from 2010 to 2013[4]. AR 229-314, 332-394. In November 2011, the record shows that Plaintiff's pain was stable with medication. AR 339. Almost one year later in September 2012, Plaintiff reported her pain was bearable. AR 380. In January and February 2013, Ms. Ramirez noted that the continued pain medication regimen was improving Plaintiff's level of function. AR 396, 402. Thus, the ALJ's reliance on Plaintiff's response to treatment was proper. *See, Warre v. Comm'r Soc. Sec.* 439 F. 3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for disability); *Matthews v. Shalala,* 10 F. 3d 678, 680 (9th Cir. 1993) (claimant's allegations of disabling symptoms not credible where claimant use of medications controls symptoms).

---

[3] A report from February 1, 2011 states that Plaintiff has been on a pain management regimen for about 10 years however, the medical records here only go back as far as 2010. AR 15, 276.

Third, the ALJ also properly noted that Plaintiff's daily activities are inconsistent with her subjective symptom complaints. AR 15-16.  Here, Plaintiff testified that she gets herself ready, drives, cooks, grocery shops, walks her dog, and sometimes does the laundry.  AR 41-44, 46-47. The severity of symptoms and limitations alleged by Plaintiff due to pain contradict her functional abilities. This is a valid consideration when evaluating a claimants' credibility. *See Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (claimant's "ability to perform various household chores such as cooking, laundry, washing dishes and shopping," among other factors, bolstered "the ALJ's negative conclusions about [her] veracity"); *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) ("[e]ven where [the daily] activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment").

The Court is not persuaded by Plaintiff's argument that the ALJ improperly assessed her daily activities in relation to her ability to perform full-time work. Here, the ALJ evaluated Plaintiff's daily activities to show that her active lifestyle is inconsistent with the severity of her subjective symptom complaints. AR 15. He did not state that her daily activities are consistent with full-time work. This analysis was proper. *See Molina,* 674 F3d. at 1112 (the ALJ may consider "whether the claimant engages in daily activities inconsistent with the alleged symptoms"); *See also*, *Valentine v. Astrue*, 574 F.3d 685, 694 (9th Cir. 2009) (ALJ properly determined that the claimant's daily activities "did not suggest [the claimant] could return to his old job at Cummins, but . . . did suggest that [the claimant's] later claims about the severity of his limitations were exaggerated").

Finally, the ALJ properly considered his own observations when evaluating Plaintiff's credibility.  He noted that Plaintiff was in no discomfort or pain throughout her appearance at the hearing. AR 15.  This belies her testimony that she can only sit comfortably for 20 minutes, because, according to the transcript, the hearing lasted 42 minutes.  AR 25, 42, 57. The ALJ properly

9

acknowledges that his observation during the hearing is not "a conclusive indicator of Plaintiff's overall level of pain on a day-to-day basis," but he properly considered this finding, giving it slight weight. AR 15. *Lansford v. Astrue,* 319 Fed. Appx. 627, 628 (9th Cir. 2009) (unpublished) (when rejecting claimant's testimony regarding the alleged "extent of her pain," the ALJ properly applied "ordinary techniques of credibility evaluation" including his "observation that [claimant] was able to sit for 25 minutes during the administrative hearing despite testifying that she was incapable of sitting for longer than 15 minutes"), citing *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (internal quotation marks omitted). *See also* SSR 96-7p ("[i]n instances in which the adjudicator has observed the individual, the adjudicator … should consider any personal observations in the overall evaluation of the credibility of the individual's statements"); *Tonapetyan*, 242 F.3d at 1148 (ALJ's credibility determination may be based, in part, on his personal observations); *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999) ("The inclusion of the ALJ's personal observations does not render the decision improper," so long as they are supported). *Thomas*, 278 F.3d at 960 (ALJ can consider demeanor in evaluating credibility).

Given the above, the ALJ provided several clear and convincing reasons that are supported by substantial evidence to conclude Plaintiff's subjective symptom testimony was not credible. Here, the ALJ clearly identified what testimony he found not credible and what evidence undermined Plaintiff's complaints. *Lester,* 81 F.3d at 834. If the ALJ's finding is supported by substantial evidence, the court "may not engage in second-guessing." *Thomas*, 278 F.3d at 959. Accordingly, the ALJ's credibility findings are free of legal error.

## **CONCLUSION**

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards. Accordingly, this Court **DENIES** Plaintiff's appeal from the administrative decision of the Commissioner of Social Security.

The Clerk of this Court is **DIRECTED** to enter judgment in favor of Defendant Carolyn W. Colvin, Acting Commissioner of Social Security and against Plaintiff, Karen D. Harlow.

IT IS SO ORDERED.

Dated:   **March 6, 2015**                         /s/ *Barbara A. McAuliffe*
                                                   UNITED STATES MAGISTRATE JUDGE